UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VICTOR FOX
COVERAGE, LLC,

Plaintiff,

DECISION AND ORDER
25-CV-156-MAV

-vs-

BENSON CONSTRUCTION
& DEVELOPMENT, LLC

Defendant.

## INTRODUCTION

Plaintiff Victor Fox Coverage, LLC commenced this action on February 19, 2025 against Defendant Benson Construction & Development, LLC. ECF No. 1. Plaintiff has moved for default judgment against Defendant seeking to recover damages and declaratory relief pursuant to Rule 55 of the Federal Rules of Civil Procedure. ECF No. 10. Defendant has moved to vacate the entry of default and for an award of attorneys' fees incurred in connection with bringing the motion. ECF No. 11. For the reasons stated below, Defendant's motion (ECF No. 11) is granted in part and denied in part and Plaintiff's motion for default judgment (ECF No. 10) is dismissed as moot.

## BACKGROUND

Plaintiff filed the complaint in this action on February 19, 2025. ECF No. 1. In the complaint Plaintiff alleges that Defendant filed a notice of mechanic's lien in the

amount of $168,708.97 against Plaintiff's real property in Olean, New York on June 28, 2024. ECF No. 1 at 4.[1] On February 28, 2025, Plaintiff filed a summons to Defendant and an affidavit of service through the Secretary of State. ECF No.5. Defendant has not filed a response to the complaint.

Defendant alleges that it first learned of this case on March 18, 2025, when the complaint was delivered by mail to Defendant's offices. ECF No. 18-3 at 1. Defendant submits that upon receiving the summons and complaint it "immediately" took steps to retain counsel. *Id.* Per Defendant, its counsel reached out by email to Plaintiff's counsel on March 21, 2025, requesting an extension to answer the complaint but received no response. ECF Nos. 11-2 at 57, 11-1 at 2.

On March 24, 2025, Plaintiff requested a Clerk's entry of default against Defendant, which was not entered due to deficient filing. ECF No. 6. On March 25, 2025, Plaintiff again requested a Clerk's entry of default against Defendant. ECF No. 7. On March 26, 2025, the Clerk entered default against Defendant. ECF No. 8.

Defendant and Plaintiff have provided email exchanges from April and May 2025, regarding vacating the mechanic's lien, confirming release, and negotiating settlement. ECF Nos. 17-5 at 1–8, 18-1 at 2–4, and 18-2 at 2–4. Defendant provides that the release of the mechanic's lien was recorded with the Cattaraugus County Clerk on March 30, 2025, and sent to Plaintiff on April 2, 2025. ECF No. 11-1 at 3.

On April 23, 2025, Defendant sent Plaintiff a "final settlement proposal" and stated that if Plaintiff did not accept the offer by "close of business Friday,

1 The page numbers cited in this Decision and Order refer to the pagination inserted by the Court's CM/ECF system in the upper right-hand corner of the document.

[Defendant] will proceed with filing motions to vacate the entry of default and dismissal for want of subject matter jurisdiction." ECF No. 18-2 at 2–3. On May 12, 2025, Defendant's counsel gave Plaintiff a new deadline to accept of May 15, 2025. *Id.* at 2.

On May 19, 2025, counsel for Defendant entered an appearance. ECF No. 9. On May 22, 2025, Plaintiff filed a motion for default judgment against Defendant, and Defendant filed a motion to vacate the Clerk's entry of default. ECF Nos. 10, 11.

On June 20, 2025, Plaintiff filed a cross motion for sanctions and opposition to Defendant's motion. ECF No. 17. On June 23, 2025, Defendant responded to Plaintiff's motion for default judgment. ECF No. 18. On July 3, 2025, Plaintiff withdrew the cross-motion for sanctions. ECF No. 20. On July 7, 2025, Defendant replied to Plaintiff's cross motion. ECF No. 21.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 55 sets forth a two-step procedural process for a plaintiff to obtain a default judgment. Fed. R. Civ. P. 55. "First, a plaintiff must seek entry of default where a party against whom he seeks affirmative relief has failed to plead or defend in the action." *Harring v. Pinkcey*, 342 F.R.D. 47, 50 (W.D.N.Y. 2022). "'Having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b).'" *Id.* (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)).

Rule 55 also governs a motion to vacate an entry of default. Fed. R. Civ. P. 55(c). Federal Rule of Civil Procedure 55(c) allows the Court to "set aside an entry of

default for good cause." Fed. R. Civ. P. 55(c). "'Because Rule 55(c) does not define the term good cause, [the Second Circuit] ha[s] established three criteria that must be assessed in order to decide whether to relieve a party from the default or from default judgment.'" *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)). "These criteria are: '(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party.'" *Bricklayers*, 779 F.3d at 186 (quoting *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444,455 (2d Cir. 2013)).

"Vacating an entry of default 'under Rule 55(c) is left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties.'" *McClain v. Gelormino*, 9:17-CV-0046 (LEK/ML), 2021 WL 4477192, at *3 (N.D.N.Y. Sept. 30, 2021) (quoting *Enron Oil Corp.*, 10 F.3d at 95). Additionally, "[i]t is well established that default judgments are disfavored. A clear preference exists for cases to be adjudicated on the merits." *Peckarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001). "Default judgments are thus 'reserved for rare occasions' and any 'doubt[s] should be resolved in favor of the defaulting party." *U.S. Fidelity and Guar. Co. v. Petroleo Brasileiro S.A.*, 220 F.R.D. 404, 406 (S.D.N.Y. 2004) (quoting *Enron Oil Corp.*, 10 F.3d at 96).

"[T]he standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b)." *Meehan v. Snow*, 652 F.2d 274, 277 (2d

Cir. 1981).

## DISCUSSION

### 1. Willfulness of Defendant's Default

"The Second Circuit has held that a finding of willfulness is properly based on egregious or deliberate conduct." *Dengel v. Dearden*, No. 06-CV-6279, 2007 WL 475317, at *3 (Feb. 9, 2007). "[C]ourts in this circuit have recognized that 'willfulness' in the context of a motion for a default judgment requires more than a showing of carelessness or negligence and is more akin to bad faith or a demonstration that the defaulting party has engaged in culpable conduct." *Fashion Fragrance & Cosmetics v. Croddick*, No. 02CV6294(WK), 2003 WL 1824638, at *2 (S.D.N.Y. Apr. 8, 2003).

Defendant did not answer Plaintiff's complaint within twenty-one days of the service to the Secretary of State. However, Defendant did not receive the complaint until the day a response was due and then promptly engaged counsel to respond. ECF No. 18-3 at 1. This explanation is not "indicative of willful evasion of a duty to respond, or of egregious or deliberate conduct ignoring the service of process, that would support a finding of willfulness . . . ." *Dengel*, 2007 WL 475317, at *3.

Thus, resolving all doubts in favor of Defendant as the moving party, the Court accepts that the failure to timely answer the complaint was not willful. *U.S. Fidelity and Guar. Co.*, 220 F.R.D. at 406.

### 2. Existence of a Meritorious Defense

"In connection with a motion to vacate a default judgment, a defendant must present more than conclusory denials when attempting to show the existence of a meritorious defense." *Peckarsky*, 249 F.3d at 173. "The test of such a defense is

measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Id.* (quoting *Enron Oil Corp.*, 10 F.3d at 98). "[C]ourts in this Circuit routinely recognize that a defendant need only 'meet a low threshold' to satisfy this factor." *Li v. Fleet N.Y. Metro Reg'l Ctr. LLC*, No. 21-CV-5185, 2022 WL 1666963, at *7 (E.D.N.Y. May 25, 2022) (quoting *MD Produce Corp. v. 231 Food Corp.*, 304 F.R.D. 107, 110 (E.D.N.Y. 2014)).

Defendant has met this low bar. Plaintiff alleges in the complaint this Court has diversity jurisdiction over its claims. ECF No. 1 at 2. Defendant claims that the Court lacks subject matter jurisdiction over Plaintiff's claims. ECF No. 11-3 at 4.

Defendant argues that the damage claimed in the complaint is only $5,868, which does not meet the $75,000 amount-in-controversy requirement of diversity jurisdiction. ECF No. 11-3 at 4. "As a lack of subject matter jurisdiction would be a complete defense to the action, [Defendant] has shown the existence of a meritorious defense . . . ." *Boston Post Rd. Med. Imaging, P.C. v. Allstate Ins. Co.*, 221 F.R.D. 410, 414 (S.D.N.Y. 2004).

### 3. Prejudice to Plaintiff

"[D]elay alone is not enough to establish prejudice . . . ." *County of Monroe v. Siemens Indus, Inc.* 833 F. Supp. 3d 267, 279 (W.D.N.Y. 2026).

Plaintiff has not demonstrated that it has been prejudiced by Defendant's delay. Plaintiff states that "[a]llowing Defendant to vacate default without satisfying legal obligations delays relief for Plaintiff and perpetuates the harm caused by Defendant's improper notice of mechanic's lien." ECF No. 17-1 at 5 at 8. However, the

lien has been released, Plaintiff has notice of the release, and Plaintiff makes no allegations that the delay "thwart[s] plaintiff's recovery or remedy . . . result[s] in the loss of evidence, create[s] increased difficulties of discovery, or provide[s] greater opportunity for fraud and collusion." *Green*, 420 F.3d at 110. Therefore, the Court does not find prejudice to Plaintiff in setting aside the Clerk's entry of default.

Thus, the Court concludes that the relevant factors weigh in favor of setting aside the entry of default.

**4. Attorneys' Fees and Costs**

Finally, Defendant requests that this Court award Defendant the attorneys' fees and costs it incurred in connection with bringing the motion to vacate. ECF No. 11-3 at 6. However, "Second Circuit precedent requires a party seeking an award of attorneys' fees to support its request with contemporaneous time records that show 'for each attorney, the date, the hours expended, and the nature of the work done.'" *Filo Promotions v. Bathtub Gins, Inc.*, 311 D. Supp. 3d 645, 649 (S.D.N.Y. 2018) (quoting *N.Y. State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)). "Fee applications that do not contain such supporting data 'should normally be disallowed.'" *Id.* at 649–50 (quoting *Carey*, 711 F.2d at 1154).

Defendant has not submitted any contemporaneous time records to support an award of attorneys' fees. Thus, the Court denies without prejudice Defendant's request for award of attorneys' fees.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY

ORDERED that Defendant's motion to vacate the Clerk's entry default [ECF

No. 11] is granted;

ORDERED that Defendant's motion for attorneys' fees [ECF No. 11] is denied;

ORDERED that Plaintiff's motion for a default judgment [ECF No. 10] is denied as moot; and it is further

ORDERED that the Clerk of the Court is directed to vacate the entry of default against Defendant [ECF No. 8], and the Defendant is ordered to file an answer or otherwise reply to Plaintiff's complaint [ECF No. 1] within thirty (30) days.

SO ORDERED.

Dated: October 23, 2026
Rochester, New York

ENTER:

HON. MEREDITH A. VACCA
United States District Judge